CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 07 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DAVID KWON,

    Plaintiff,

v.

GENE JOHNSON,

    Defendant.

Case No. 7:10CV00506

**MEMORANDUM OPINION**

By: Glen E. Conrad
Chief United States District Judge

Plaintiff David Kwon, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint,[1] Kwon asserts that he should be allowed to smoke cigarettes in prison. Upon review of the record, the court finds that the complaint must be summarily dismissed.

As demonstrated by the following verbatim passage from Kwon's complaint, his submissions are difficult to interpret:

> to see me in a rut the purification to smoke once it wasn't if I could not meditate to a way because of smoking. to lead a world for smoking gave a way. gave a world a day to day with smoking. if As you seen it come to pass the very day to day to give thank's to religious man who smoking because of a father's purification to doing as a man to see god to thank. if As to give to see if the whole world should quickly see a rapid world to see a god meaningly to give a power to smoke. As to quickly to see me doubting Human ways to earthly substitutions because of the end of a greatest invention of god. to shall see god to the Heaven come to pass to see me a god follower and leader to god. No man could invent smoking the cig[ar]ettes unless god was the father of these things. All knew religious rights to god. if we choose a sign of god to redeem us. purification gave us the way. Now I would like to smoke. I would die in a place of no smoking.

---

[1] Kwon's three subsequent submissions, written in a similar stream-of-consciousness style, were docketed as additional evidence. However, they do not mention smoking and appear to be inquiries about how to pursue habeas corpus relief. Since this form of relief is not available in a civil rights action under § 1983, the court construes them as simple letters of inquiry. In response, Kwon is advised that if he wishes to challenge the fact or length of his confinement at Marion Correctional Treatment Center, he must first pursue the appropriate remedy in state court to challenge the judgment under which he is currently confined. After he has exhausted all available state court remedies, through direct appeal or habeas corpus proceedings followed by direct appeal, if he still believes that his detention is unconstitutional, he may file a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this court.

(Complaint 1.) He also states that "to meditate on god we need to smoke just like Kaltuna man did" and that "the smoke help[s] chase evil spirits away." (Id. 2.)

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). After a review of Kwon's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

As one court has said,

> there are "an avalanche of cases in which federal courts have rejected constitutional challenges to smoking restrictions [in] prisons." Thiel v. Nelson, 422 F. Supp.2d 1024, 1029 (W.D. WI 2006) (citations omitted). The reported case law unanimously holds that inmates have no constitutional right to smoke in prison. E.g., Mauchlin v. Hood, 167 Fed. App'x 735 (10th Cir. 2006); Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); Beauchamp v. Sullivan, 21 F.3d 789, 790-91 (7th Cir. 1994); Grass v. Sargent, 903 F.2d 1206 (8th Cir. 1990).

Muff v. Collins, Civil Action No. 2:08-cv-1027, 2009 WL 233561, *2 (S.D. Ohio 2009) (unpublished). Kwon cites no case law to the contrary, and the court finds none. Therefore, to the extent that he claims the no-smoking policy of the prison violates a constitutionally protected right to smoke, his complaint must be summarily dismissed for failing to state a claim.

Kwon may also be attempting to claim that the smoking ban interferes in some way with his constitutional right under the First Amendment to practice his religious beliefs. He does not, however, state what his religious beliefs are or point to any particular religious tenet which requires its followers to smoke cigarettes. In any event, a prisoner's desire to practice religious beliefs may

lawfully be restricted upon a showing that the restriction is reasonably related to a legitimate penological interest. O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987). Given the well established health risks associated with smoking and with exposure to second-hand smoke, the court finds any prison smoking ban to be reasonably related to the legitimate penologicial interest of maintaining healthful living conditions for the plaintiff and other inmates housed with him. Accordingly, the court cannot find that the prison's policy that prevents Kwon from smoking violates his First Amendment rights.

For the stated reasons, the court concludes that the complaint fails to state any claim upon which relief could be granted and that it must, therefore, be summarily dismissed without prejudice, pursuant to § 1915A(b)(1). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of December, 2010.

/s/ Glen Conrad
Chief United States District Judge